GLASS HARLOW & HOGROGIAN LLP
85 Broad Street
16th Floor
New York, NY 10004
(212) 537-6859
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
**TERELL DAVIS,**

|                                         |                              |
|-----------------------------------------|------------------------------|
|                             **Plaintiff,** | **COMPLAINT**             |
|                      -against-          |                              |
| **NAVADA'S BAR & LOUNGE LLC d/b/a MO'S** | _____-cv-_____ (___)  |
| **BAR & LOUNGE, and CALVIN CLARK, in his** |                          |
| **individual capacity,**                | **DEMAND FOR JURY TRIAL**    |
|                            **Defendants.** |                           |

-------------------------------------------------------------------x

        Plaintiff TERELL DAVIS, by his attorneys, GLASS HARLOW & HOGROGIAN LLP,

upon personal knowledge as to himself and upon information and belief as to other matters, brings

this action against Defendants NAVADA'S BAR & LOUNGE LLC d/b/a MO'S BAR &

LOUNGE ("Mo's Bar" or the "Company") and CALVIN CLARK (collectively, "Defendants"),

respectfully alleges, upon information and belief, as follows:

        1.       Plaintiff brings this lawsuit seeking recovery against Defendants for failing to pay

him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq.,

the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), and N.Y. Bus. Corp. § 630 *et

seq.* ("BCL § 630").

        2.       Plaintiff further brings this lawsuit against Defendants' for Defendants' violation

of the antidiscrimination provisions of the New York State Human Rights Law, Executive Law §

296, *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 *et seq.* ("NYCHRL").

3.     Defendants' violations of the NYSHRL and the NYCHRL constituted discrimination based on gender, the creation of a hostile work environment, *quid pro quo* sexual harassment, and retaliation against Plaintiff.

4.     Plaintiff seeks economic, compensatory, liquidated damages, attorneys' fees, punitive damages, and other appropriate legal and equitable relief pursuant to New York State law.

## THE PARTIES

**Defendant NAVADA'S BAR & LOUNGE LLC**

5.     Defendant NAVADA'S BAR & LOUNGE LLC d/b/a Mo's Bar & Lounge ("Mo's Bar" or the "Company") is a domestic corporation organized under the laws of the State of New York with a principal place of business at 80 Lafayette Avenue, Brooklyn, New York 11217.

6.     At times relevant to this Complaint, Defendant Mo's Bar (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

7.     At all times relevant to this Complaint, Defendant Mo's Bar was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

8.     At all times relevant to this Complaint, Defendant Mo's Bar was and is an employer within the meaning of the NYLL, McKinney's Labor Law § 190(3) and § 651(6) and, at all times relevant to this Complaint, employed Plaintiff.

9.      At all times relevant to this Complaint, Defendant Mo's Bar routinely conducted, and continues to routinely conduct, business within the State of New York and within the County of Kings.

10.      At all times relevant to this Complaint, Defendant Mo's Bar was an employer as that term is defined by NYSHRL § 292(5) and NYCHRL § 8-102.

**Defendant CALVIN CLARK**

11.      Defendant Calvin Clark ("Clark") is the Owner of Defendant Mo's Bar.

12.      At times relevant to this Complaint, Defendant Clark was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed Plaintiff.

13.      At all times relevant to this Complaint, Defendant Clark was and is an employer within the meaning of the NYLL Labor Law § 190(3) and § 651(6) and, at all times relevant to this Complaint, employed Plaintiff.

14.      At all times relevant to this Complaint, Defendant Clark routinely conducted, and continues to routinely conduct, business within the State of New York and within the County of Kings.

15.      At all times relevant to this Complaint, Defendant Clark had power over personnel decisions at Mo's Bar, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

16.      At all times relevant to this Complaint, Defendant Clark had the power to determine employee policies at Defendant Mo's Bar, including, but not limited to, payroll decisions and policies.

17.     At all times relevant to this Complaint, Defendant Clark was actively involved in managing the day-to-day operations of Defendant Mo's Bar.

18.     At all times relevant to this Complaint, Defendant Clark had control over and the power to change compensation practices at Defendant Mo's Bar.

19.     At all times relevant to this Complaint, Defendant Clark had the power to stop any illegal pay practices that harmed Plaintiff.

20.     At all times relevant to this Complaint, Defendant Clark had the power to stop any discriminatory employment practices that harmed Plaintiff.

**Plaintiff TERELL DAVIS**

21.     Plaintiff Terell Davis ("Plaintiff" or "Mr. Davis") is a resident of Kings County in the State of New York.

22.     Plaintiff worked for Defendant Mo's Bar from in or about August of 2021 until on or about June 3, 2022, when his employment was unlawfully terminated in violation of the NYSHRL and the NYCHRL.

## VENUE AND JURISDICTION

23.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

24.     This Court has supplemental jurisdiction over the New York state and city law claims under 28 U.S.C. § 1367(a), as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

25.     Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

26.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTS

27.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

28.     All actions and omissions described in this Complaint were made by Defendants directly and/or through their employees and agents who supervised Plaintiff.

29.     Throughout his employment with Defendant Mo's Bar, Plaintiff fully, faithfully, and efficiently performed all of his job duties and consistently met all of Defendants' reasonable business expectations.

30.     During the entire time period of his employment, Plaintiff worked in a non- exempt position and performed all tasks common of a barback.

**Wage and Hour Violations**

31.     Plaintiff was employed by Defendants in a non-exempt position and was therefore entitled to overtime pay.

32.     At all times relevant to this Complaint, Defendants regularly required Plaintiff to work in excess of forty (40) hours per week.

33.     Specifically, Plaintiff and other employees were required to stay at Mo's Bar premises until closing, oftentimes as late as 5 or 6 am. For each shift, Plaintiff regularly worked

upwards of 11 – 12 hours per shift. As a result of these extended shifts, Plaintiff regularly worked five (5) or more hours of overtime per week.

34.    For his first two months of employment, Plaintiff worked upwards of 70 hours on the clock per week, excluding time spent working before and after he clocked in/out and time worked on his off days. This reduced to approximately 45 to 50 hours on the clock per week thereafter, excluding time spent working before and after he clocked in/out and time worked on his off days.

35.    Additionally, Defendants required Plaintiff and other employees to work before and after they were allowed to clock in and out, resulting in an additional four to five (4-5) hours of unpaid overtime hours per week.

36.    Incredulously, on occasions when Plaintiff would come to Mo's Bar on his off-days, Mr. Clemente, Manager of Mo's Bar, would ask Plaintiff to assist him with tasks, such as bringing in liquor deliveries, or to cover for him for several hours at a time—in other words, to monitor Mo's Bar premises as a stand-in manager—without any compensation.

37.    While employed by Defendants, Plaintiff was not compensated for hours worked in excess of forty (40) per week.

38.    While employed by Defendants, Plaintiff was not compensated for the overtime hours he worked.

39.    While employed by Defendants, Plaintiff was not compensated time and a half for hours he worked in excess of forty (40) per week.

40.    While employing Plaintiff, Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) in a workweek in violation of State and Federal Law.

41.     Defendants failed to create and maintain accurate time records as required by State and Federal Law.

42.     Both the FLSA and NYLL require employers to compensate employees at one and one half their hourly rate for all hours worked over forty (40) in a workweek.

43.     Defendants did not provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL § 195(3).

44.     Defendants did not give any notice to Plaintiff of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

45.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the NYLL.

**Gender Discrimination and Sexual Harassment**

46.     Plaintiff began his employment with Defendants as barback in or about August of 2021.

47.     He was initially hired by Jeffrey Clemente, Manager of Defendant Mo's Bar, weeks after Plaintiff was released from prison on parole.

48.     Throughout Plaintiff's employment with Mo's Bar, Defendant Clark subjected him to unwanted touching and comments of a sexual nature.

49.     Defendant Clark would routinely tell Plaintiff that he smelled good; was extremely touchy with Plaintiff; and would generally make Plaintiff feel sexualized and uncomfortable in the workplace. However, as Plaintiff was on parole and desperately needed his role at Mo's Bar in order to help him reenter the workforce and maintain a sustainable living, Plaintiff felt that he could not say or do anything in response to Defendant Clark's unwanted touching and comments.

7

50.     Defendant Clark continued to use his position of power over Plaintiff to engage in unwanted touching and comments until Plaintiff reached his breaking point on or about April 29, 2022.

51.     Specifically, on the day in question, Plaintiff had just complimented Defendant Clark on his outfit. In response, Defendant Clark grabbed Plaintiff's hand and forcibly placed it on his buttocks and held it such that Plaintiff could not remove his hand, while making explicit sexual comments.

52.     A victim of sexual abuse when he was younger, this act of forced, non-consensual sexual touching greatly disturbed and impacted Plaintiff. He felt violated and disturbed that Defendant Clark was continuing to take advantage of him due to his parole status; but he felt powerless to say or do anything in response.

**Retaliation and *Quid Pro Quo***

53.     Over the next several weeks, these feelings magnified in Plaintiff's mind to the point where he was ruminating on them constantly. As a result, Plaintiff was no longer able to pretend to be cordial around Defendant Clark; he avoided Defendant Clark whenever possible and engaged in as little conversation with Defendant Clark as necessary in order to perform his job duties.

54.     Although Plaintiff continued to perform his job duties in excellent fashion, it was readily apparent to anybody that routinely observed the interactions between Plaintiff and Defendant Clark that the dynamic had changed, and that Plaintiff was plainly uncomfortable around Defendant Clark.

55.     Likely sensing that his actions had caused Plaintiff to feel uncomfortable, and plainly upset that Plaintiff had resisted his advances, Defendant Clark began retaliating against Plaintiff for his resistance to Defendant Clark's advances.

56.     Defendant Clark would criticize Plaintiff for the smallest infractions—for example, failing to pick up a small piece of paper in the bar—even though his job duties did not include general cleaning of the establishment—or criticize him for failing to buss glasses from an occupied table, even if the clientele had instructed Plaintiff that they were not finished with their drinks.

57.     Defendant Clark would direct Plaintiff to engage in job duties that were not his—such as cleaning the bathroom or handling security.

58.     Whereas before Plaintiff resisted his advances Defendant Clark only had compliments for Plaintiff's work performance, after Plaintiff's resistance to his advances, Defendant Clark only had negative commentary.

59.     This retaliatory behavior continued to escalate until June 3, 2022, when Plaintiff learned that his employment had been terminated.

## FIRST CLAIM FOR RELIEF
### (FLSA Hourly Wage and Overtime Violations
### 29 U.S.C. §§ 201 *et seq.*, Against All Defendants)

60.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

61.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed employees, including Plaintiff.

62.     During the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

63.     At all times relevant to this Complaint, Plaintiff was not exempt from overtime under the Fair Labor Standards Act.

64.     At all times relevant to this Complaint, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay employees, including Plaintiff, overtime pay.

65.     Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for hourly wage and overtime wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Overtime Violations of the New York Minimum Wage Act**
**N.Y. Stat. § 650 *et seq.*, Against All Defendants)**

66.     Plaintiff repeats and re-alleges each and every allegation set forth in the preceding paragraphs, as if fully set forth herein.

67.     It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

68.     During the period of Plaintiff's employment with Defendants, Defendant willfully, regularly and repeatedly failed to pay Plaintiff for actual time worked at the required overtime rates, one and a half times the minimum wages for hours worked in excess of forty (40) hours per workweek.

69.     Plaintiff was not exempt from overtime under New York Labor Law.

70.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**(Violation of the Notice and Recordkeeping Requirements
of the New York Labor Law, Against All Defendants)**

71.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

72.     Defendants failed to provide Plaintiff with a written notice containing: the rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the names of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

73.     Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
**(Violation of the Wage Statement Provisions
of the New York Labor Law, Against All Defendants)**

74.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

75.     With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each of the following: the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

76.     Defendants are liable to Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(Individual Liability Pursuant to NY BCL §630, Against Defendant Clark)**

77.     Plaintiff realleges and incorporates by reference all allegations in the preceding paragraphs.

78.     Pursuant to New York Business Corporation Law Section 630, in addition to their individual liability under the previously plead causes of action, the ten (10) largest shareholders of any or all of Defendant Mo's Bar & Lounge, which includes Defendant Clark, shall be liable for all debts, wages, or salaries due and owing to any of its employees for services performed.

79.     Defendant Clark failed to pay Plaintiff his earned wages in full, including wages for all hours worked.

80.     Defendant Clark failed to pay Plaintiff his earned wages in full, including overtime wages for all hours worked in excess of forty (40) in a workweek.

81.     All of these underpayments constitute "wages" within the meaning of New York Business Corporation Law Section 630.

82.     Plaintiff has provided written notice to Defendant Clark that Plaintiff intends to hold Defendant Clark liable under New York Business Corporation Law Section 630.

83.     As a result of Defendant's willful and unlawful conduct, Plaintiff is entitled to an award of damages in amount to be determined at trial and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**Violation of New York State Human Rights Law**
***Quid Pro Quo* Sexual Harassment**
***New York Executive Law § 290* et seq.**

84.     Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

85.     Defendants have discriminated against Plaintiff in violation of the NYSHRL by denying him equal terms and conditions of employment.

86.     Plaintiff was a male employee of Defendant Mo's Bar.

87.     Defendant Mo's Bar was, at all relevant times, Plaintiff's employer under the NYSHRL.

88.     Defendant Clark was, at all relevant times, Plaintiff's supervisor under the NYSHRL.

89.     Defendant Clark subjected Plaintiff to sexual harassment in violation of the NYSHRL.

90.     Defendants have denied Plaintiff his personal right to work in an environment free of sexual harassment and unwelcome sexual conduct. The sexual harassment and unwelcome sexual conduct included, but was not limited, to, (a) sexual assault; (b) coercing and pressuring Plaintiff to engage in unwanted and non-consensual sexual acts; (c) inappropriate, sexually explicit comments; and (d) sexual advances. All of this conduct was unwanted.

91.     Plaintiff vocalized his discomfort and displeasure with Defendant Clark's conduct.

92.     As a result of Plaintiff's reaction to Defendant Clark's sexual harassment and unwelcome sexual conduct, Defendant Clark began criticizing Plaintiff's work performance and assigning him unwanted job duties that were outside the scope of his role. This continued until Defendant Clark eventually terminated his employment.

93.     Defendants' extreme and outrageous treatment of Plaintiff was willful and intentional, causing Plaintiff severe emotional distress, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

<u>**SEVENTH CLAIM FOR RELIEF**</u>
**Violation of New York State Human Rights Law**
**Sexual Harassment/Hostile Work Environment**
*New York Executive Law § 290 et seq.*

94.     Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

95.     Defendants have discriminated against Plaintiff in violation of the NYSHRL by denying him equal terms and conditions of employment.

96.     Plaintiff was a male employee of Defendant Mo's Bar.

97.     Defendant Mo's Bar was, at all relevant times, Plaintiff's employer under the NYSHRL.

98.     Defendant Clark was, at all relevant times, Plaintiff's supervisor under the NYSHRL.

99.     Defendant Clark subjected Plaintiff to sexual harassment in violation of the NYSHRL.

100.     Defendants have denied Plaintiff his personal right to work in an environment free of sexual harassment and unwelcome sexual conduct. The sexual harassment and unwelcome

14

sexual conduct included, but was not limited, to, (a) sexual assault; (b) coercing and pressuring Plaintiff to engage in unwanted and non-consensual sexual acts; (c) inappropriate, sexually explicit comments; and (d) sexual advances. All of this conduct was unwanted.

101.    The unlawful acts of Defendants alleged herein were sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and to create an abusive, intimidating, hostile and offensive working environment.

102.    Plaintiff perceived the work environment to be abusive, hostile, and offensive.

103.    Defendants tolerated, condoned, ratified, and engaged in the hostile work environment.

104.    Defendants knew or should have known of the hostile work environment and failed to take remedial action.

105.    As detailed herein, Defendants' unlawful acts were frequent, severe, at times physically threatening, humiliating, and unreasonably interfered with Plaintiff's job performance. The work environment created by Defendants was therefore objectively hostile or abusive.

106.    A reasonable person would have considered the conduct to be significant and not trivial or petty.

107.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

108.    Defendants' extreme and outrageous treatment of Plaintiff was willful and intentional, causing Plaintiff severe emotional distress, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**EIGHTH CLAIM FOR RELIEF**
**Violation of New York State Human Rights Law**
**Retaliation**
*New York Executive Law* **§ 290** *et seq.*

109.    Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

110.    Defendants have retaliated against Plaintiff in violation of the NYSHRL by denying him equal terms and conditions of employment.

111.    Plaintiff was a male employee of Defendant Mo's Bar.

112.    Defendant Mo's Bar was, at all relevant times, Plaintiff's employer under the NYSHRL.

113.    Defendant Calvin Clark was, at all relevant times, Plaintiff's supervisor under the NYSHRL.

114.    Plaintiff engaged in protected activity when he opposed the unlawful treatment and sexual harassment to which he was being subjected.

115.    Plaintiff suffered actions that would be reasonably likely to deter a person from engaging in protected activity. Following his resistance to Defendant Clark's advances, Plaintiff was highly criticized and received only negative commentary whereas before Defendants only had compliments for Plaintiff's work performance. Plaintiff was also required to do additional tasks that were not part of his job duties, and was ultimately terminated from employment.

116.    As a result, Plaintiff suffered damages in an amount to be determined at trial.

117.    Defendants' extreme and outrageous treatment of Plaintiff was willful and intentional, causing Plaintiff severe emotional distress, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

**NINTH CLAIM FOR RELIEF**
**Violation of the New York City Human Rights Law**
***Quid Pro Quo* Sexual Harassment**
***N.Y.C. ADMIN. CODE § 8-101, et seq.***

118.   Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

119.   Defendants have discriminated against Plaintiff in violation of the NYCHRL by denying him equal terms and conditions of employment.

120.   Plaintiff was a male employee of Defendant Mo's Bar.

121.   Defendant Mo's Bar was, at all relevant times, Plaintiff's employer under the NYCHRL.

122.   Defendant Clark was, at all relevant times, Plaintiff's supervisor under the NYCHRL.

123.   Defendant Clark subjected Plaintiff to sexual harassment in violation of the NYCHRL.

124.   Defendants have denied Plaintiff his personal right to work in an environment free of sexual harassment and unwelcome sexual conduct. The sexual harassment and unwelcome sexual conduct included, but was not limited, to, (a) sexual assault; (b) coercing and pressuring Plaintiff to engage in unwanted and non-consensual sexual acts; (c) inappropriate, sexually explicit comments; and (d) sexual advances. All of this conduct was unwanted.

125.   Plaintiff vocalized his discomfort and displeasure with Defendant Clark's conduct.

126.   As a result of Plaintiff's reaction to Defendant Clark's sexual harassment and unwelcome sexual conduct, Defendant Clark began criticizing Plaintiff's work performance and

assigning him unwanted job duties that were outside the scope of his role. This continued until Defendant Clark eventually terminated his employment.

127.   Defendants' extreme and outrageous treatment of Plaintiff was willful and intentional, causing Plaintiff severe emotional distress, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

## TENTH CLAIM FOR RELIEF
### Violation of the New York City Human Rights Law
### Hostile Work Environment / Sexual Harassment
### *N.Y.C. ADMIN. CODE § 8-101, et seq.*

128.   Plaintiff repeats and re-alleges each and every allegation contained above, inclusive, with the same force and effect as if more fully set forth herein.

129.   At all times relevant to this Complaint, Defendants were, and continue to be, employers within the meaning of NYCHRL § 8-102(5) and employed employees, including Plaintiff.

130.   The NYCHRL makes it unlawful to discriminate against any individual on the basis of gender or sex.

131.   Plaintiff is a man and is a member of a group protected by NYCHRL.

132.   Defendants engaged in unlawful discriminatory practices as that term is defined by NYCHRL.

133.   As a result of such conduct by the Defendants, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma thereof suffered by Plaintiff as a consequence of the Defendants' illegal conduct.

134.   Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights protected by NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

135.     To the extent that Defendants provided any avenue of complaint, Plaintiff reasonably availed himself of the complaint procedures Defendants provided to its employees.

136.     Defendants failed to exercise reasonable care to prevent and correct promptly the sexual harassment and discrimination Plaintiff endured.

137.     Defendants' extreme and outrageous treatment of Plaintiff was willful and intentional, causing Plaintiff severe emotional distress, due to which Plaintiff is entitled to an award of punitive damages against Defendants.

<u>**ELEVENTH CLAIM FOR RELIEF**</u>
**Violation of the New York City Human Rights Law**
**Retaliation**
*N.Y.C. ADMIN. CODE § 8-101, et seq.*

138.     Plaintiff repeats, re-alleges and incorporates by reference all previous paragraphs.

139.     NYCHRL, specifically N.Y.C. Admin. Code § 8-107(7), makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

140.     Plaintiff engaged in the protected activities when he opposed the unlawful treatment and sexual harassment to which he was being subjected.

141.     Defendants subjected Plaintiff to adverse employment actions, including being assigned additional work assignments, being assigned demeaning tasks, and being terminated from employment.

142.     A causal link exists between the protected activity and the adverse employment actions, and Defendants' retaliatory acts were a direct result of such activity.

143.     Defendants retaliated against Plaintiff in violation of the anti-retaliation provision of NYCHRL.

144.    As a result of such conduct by Defendants, Plaintiff has suffered damages and is entitled and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by Plaintiff as a consequence of Defendants' illegal conduct.

145.    Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's rights protected by NYCHRL, due to which Plaintiff is entitled to an award of punitive damages against Defendant.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

A.    An award of damages, according to proof, including compensatory, economic, punitive, and liquidated damages, to be paid by Defendants;

B.    Penalties available under applicable laws;

C.    Costs of action incurred herein, including expert fees;

D.    Attorney's fees;

E.    Pre-judgment and post-judgment interest, as provided by law; and

F.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  New York, New York
         July 15, 2022

                              Respectfully submitted,

                               s/ Jordan Harlow
                              Jordan F. Harlow, Esq.
                              GLASS HARLOW & HOGROGIAN LLP
                              Attorneys for Plaintiff
                              *TERELL DAVIS*
                              85 Broad Street, 16th Floor
                              New York, NY, 10004